UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2174-D

**Xavier Hosea Shaw**,

               Petitioner,

v.

**Carlton Joyner**, et al.,

               Respondents.

**Memorandum & Recommendation**

On August 10, 2015, petitioner Xavier Hosea Shaw, a state inmate proceeding *pro se*, filed documents entitled "Notice for Writ for Habeas Corpus et seq." (D.E. 1), "Notice and Demand for Appointing and Designating the United States District Court and officers of the United States Courts as Trustees" (D.E. 2), and "Notice and Demand for Trustees - United States District Court and officers of the United States Courts to issue orders for Service of process" (D.E. 3). On September 14, 2015, Shaw filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on the form prescribed for use by the court in filing § 2254 petitions (D.E. 8). The court now conducts its preliminary review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Under Rule 4, the court must dismiss any petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* For the reasons set out below, the undersigned recommends[1] that the court dismiss the petition on the ground Shaw has failed to exhaust state remedies or, alternatively, because it is untimely.

---

[1] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

On February 18, 2011, Shaw was convicted by a jury in the Wake County Superior Court of robbery with a dangerous weapon, possession of a firearm by a felon, and having attained violent habitual felon status. The trial court arrested judgment on the charges of possession of a firearm by a felon and of having attained violent habitual felon status and sentenced Shaw to life imprisonment without parole on the charge of robbery with a dangerous weapon. *State v. Shaw*, 218 N.C. App. 607 (2012); *see also* Pet. ¶¶ 2–5, D.E. 8. On February 7, 2012, the North Carolina Court of Appeals found no error in the trial.

Shaw's petition is not a model of clarity. However, it appears Shaw is challenging his state conviction and sentence. Shaw argues that he is "a Sovereign and Private man breathing and of living flesh and blood" and that he is not a "person" as defined by statute "or [the] uniform commercial code of North Carolina[.]" *See* Notice at 2, D.E. 1. For this, and other similarly-stated reasons, Shaw argues that his conviction and sentence should be "overturned." Pet. at 16, D.E. 8.

To the extent Shaw seeks to challenge his state conviction and sentence in federal court, he must do so under 28 U.S.C. § 2254. *Felker v. Turpin*, 518 U.S. 651, 662 (1996); *In re Stitt*, 598 F. App'x 810, 810 n.1 (3d Cir. 2015) (per curiam); *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004); *Crouch v. Norris*, 251 F.3d 720, 722–23 (8th Cir. 2001). However, Shaw must first "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This "one full opportunity" includes filing petitions for discretionary review when that review is part of the ordinary appellate procedure in the state." *See id.* In North Carolina, a petitioner may satisfy the exhaustion requirement of § 2254 by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the

Supreme Court of North Carolina for discretionary review, or by filing a motion for appropriate relief and petitioning the North Carolina Court of Appeals for a writ of certiorari. *See* N.C. Gen. Stat. §§ 7A-31, 15A-1422(c)(3); *see also* 28 U.S.C. § 2254(b)(1)(A) (providing that the federal district court shall not grant relief in a habeas proceeding for a petitioner who has failed to exhaust all of his available State remedies).

Shaw acknowledges that he has not exhausted his state remedies, explaining that this court is "best suited" to address his claim. Pet. ¶ 12(b); *see also* Pet. ¶ 12(c) (asserting "[an] [i]ssue of this magnitude warrants the authority of the United States District Courts"). However, Shaw may not challenge his state conviction or sentence in federal court before he has presented his claim to the state court. 28 U.S.C. § 2254(b)(1)(A). The undersigned recommends that Shaw's petition be dismissed because Shaw has failed to exhaust his state remedies pursuant to § 2254(b)(1)(A).

Alternatively, Shaw's § 2254 petition should be dismissed on the ground that it is untimely.[2] Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a person in custody pursuant to the judgment of a state court must file any petition for a writ of habeas corpus within one year. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was presented from filing by such State action;

---

[2] The court may *sua sponte* dismiss a § 2254 petition without notice if "it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1)." *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002); *see Eriline Co. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006).

3

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The limitation period under § 2244(d)(1) is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Carey v. Saffold*, 536 U.S. 214, 216–17 (2002); *Taylor v. Lee*, 186 F.3d 557, 560 & n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is "pending" from initial filing in the state courts until final disposition in the state courts. *See Saffold*, 536 U.S. at 219–20; *Taylor*, 186 F.3d at 561. The period between the time a petitioner's conviction becomes final and the time that a petitioner files a state application for post-conviction relief counts against the one–year period of limitation. *See, e.g.*, *Hernandez v. Caldwell*, 225 F.3d 435, 438 (4th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). The statutory period then resumes after the state court of appeals denies a petitioner's certiorari petition. *See Hernandez*, 225 F.3d at 438–39.

The court must first determine when Shaw's judgment became final. See 28 U.S.C. § 2244(d)(1)(A). Judgment in the instant case was entered on February 18, 2011. Pet. ¶ 2. The North Carolina Court of Appeals found no error in Shaw's criminal convictions on February 7, 2012. Shaw then had thirty–five days to file a petition for discretionary review in the North Carolina Supreme Court. *See* N.C.R. App. P. 15(b) ("A petition for review following determination by the Court of Appeals shall be … filed and served within fifteen days after the mandate of the Court of Appeals has been issued to the trial tribunal."); N.C.R. App. P. 32(b) ("Unless a court orders otherwise, its clerk shall enter judgment and issue the mandate of the

4

court twenty days after the written opinion of the court has been filed with the clerk."). Shaw did not seek discretionary review in the North Carolina Supreme Court during that thirty-five-day time frame. *See* Pet. ¶ 9(g). Therefore, his conviction became final on March 13, 2012, when the time for seeking review expired. *See* § 2244(d)(1)(A); *Gonzalez v. Thaler*, 132 S. Ct. 641, 656 (2012) (holding that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes final on the date that the time for seeking such review expires).

The statutory period then began to run on March 13, 2012, and ran for 365 days until it expired on March 13, 2013. *See, e.g.*, *Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000). Accordingly, absent equitable tolling, Shaw's petition is untimely.

Under the AEDPA, the one-year statute of limitations is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645–49 (2010). Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (quotation omitted); *see Green v. Johnson*, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling under section 2244 "in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Green*, 515 F.3d at 304 (quotations omitted); *see Jackson v. Kelly*, 650 F.3d 477, 491–92 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 64 (2011). "[A]ny invocation of equity to relieve the strict application of a statute of limitations," however, "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Unfamiliarity with the legal process, lack of representation, and even illiteracy do not constitute grounds for equitable tolling.

*See, e.g.*, *United States v. Sosa*, 364 F.3d 507, 512–13 (4th Cir. 2004); *Harris*, 209 F.3d at 330–31 (collecting cases).

Shaw argues that Art. I, § 18 of the North Carolina Constitution (the "Open Courts" provision) excuses him from filing his § 2254 petition within AEDPA's limitations period. Pet. at 14–15, D.E. 8. The North Carolina Constitution permits a claim against the State for one whose state constitutional rights have been abridged and where "no adequate state remedy exists to provide relief for the injury." *See Copper ex rel. Copper v. Denlinger*, 363 N.C. 784, 788, 688 S.E. 2d 426, 428–29 (2010) (citing *Corum v. Univ. of N.C.*, 330 N.C. 761, 782, 413 S.E. 2d 276, 289, *cert. denied*, 506 U.S. 985 (1992)); *Craig ex rel. Craig v. New Hanover Cty. Bd. of Educ.*, 363 N.C. 334, 340, 678 S.E. 2d 351, 355 (2009)); *see also Iglesias v. Wolford*, 539 F. Supp. 2d 831, 838 (E.D.N.C. 2008). Shaw has failed to explain how Art. I, § 18 applies to the limitations period of a habeas action brought under 28 U.S.C. § 2254. Moreover, North Carolina law provides ample recourse through the courts of North Carolina for a state inmate to challenge his conviction and sentence. Therefore, Shaw's habeas petition should be dismissed as time-barred.

For the foregoing reasons, the undersigned recommends that the court dismiss Shaw's § 2254 petition both for failure to exhaust state remedies and on the ground that it is untimely.

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on petitioner. Petitioner shall have until 14 days after service of the Memorandum and Recommendation on petitioner to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the

magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If petitioner does not file written objections to the Memorandum and Recommendation by the foregoing deadline, petitioner will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, petitioner's failure to file written objections by the foregoing deadline will bar petitioner from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: April 12, 2016

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE

7