IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2174-D

| | |
|---|---|
| XAVIER HOSEA SHAW, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CARLTON JOYNER, et al., ) | |
| ) | |
| Respondents. ) | |

On April 12, 2016, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 11] recommending that the court dismiss Xavier Hosea Shaw's ("Shaw" or "petitioner") habeas petition filed under 28 U.S.C. § 2254. See M&R [D.E. 11]. On May 2, 2016, Shaw filed objections to the M&R [D.E. 12]. As explained below, the court overrules Shaw's objections, adopts the conclusions in the M&R, and dismisses the action.

On February 18, 2011, a Wake County Superior Court jury convicted Shaw of robbery with a dangerous weapon, possession of a firearm by a felon, and having attained violent habitual felon status. State v. Shaw, 218 N.C. App. 607, 608, 721 S.E.2d 363, 364 (2012). "The trial court arrested judgment on the charges of possession of a firearm by a felon and of having attained violent habitual felon status and sentenced Shaw to life imprisonment without parole on the charge of robbery with a dangerous weapon." Id. at 608, 721 S.E.2d at 364. On February 7, 2012, the North Carolina Court of Appeals found no error in the trial. Id. at 608–10, 721 S.E.2d at 364–65.

In his section 2254 petition, Shaw challenges his state conviction and sentence and argues that he is a "living, sovereign, and private man," improperly convicted and sentenced as a "'person'

defined by the constitution and laws of North Carolina." Corrected Pet. [D.E. 8] 5, 16; see Pet. [D.E. 1]. Judge Numbers recommended that the court dismiss Shaw's habeas petition because Shaw failed to exhaust state remedies and because Shaw untimely filed his petition. See M&R 3, 6.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alterations, emphasis and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and Shaw's objections. As for those portions of the M&R to which Shaw made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed Shaw's objections de novo. Shaw objects to Judge Numbers's conclusion that his petition was untimely because Shaw filed it after the expiration of AEDPA's one-year statute of limitations. [D.E. 12] 1; see 28 U.S.C. § 2244(d)(1). Shaw seeks equitable tolling. [D.E. 12] 1–2.

AEDPA's one-year statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (quotation omitted). Shaw argues that he faced an unconstitutional state-created impediment to filing his petition because the state failed to provide access to a law library. See [D.E. 12] 1–2.

2

The Supreme Court has stated that prisons need not provide access to law libraries, though providing them is one way of ensuring the constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 351–52 (1996). Shaw's right of access to the courts is satisfied because inmates in North Carolina have access to North Carolina Prisoner Legal Services, Inc. ("NCPLS"), which provides assistance by persons trained in the law. See Bounds v. Smith, 430 U.S. 817, 830–31 (1977), overruled on other grounds by Lewis, 518 U.S. at 354; Cardenas Zavala v. Slagle, 5:15cv126-FDW, 2015 WL 7871056, at *3 (W.D.N.C. Dec. 3, 2015) (unpublished); Lee v. N.C. Dep't of Pub. Safety, No. 5:13-CT-3228-D, 2014 WL 2873325, at *2 (E.D.N.C. June 24, 2014) (unpublished). Furthermore, "[t]he mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment. The inmate must show that this inability caused an actual harm, or in other words, unconstitutionally prevented him from exercising that fundamental right of access to the courts." Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000); see Fowler v. Lee, 18 F. App'x 164, 166 (4th Cir. 2001) (per curiam) (unpublished).

Shaw acknowledges that NCPLS is available to him, but that he chose not to use this resource. See [D.E. 12] 1–2. Shaw's access to NCPLS satisfies Shaw's constitutional right of access to the courts. See, e.g., Cardenas Zavala, 2015 WL 7871056, at *3; Lee, 2014 WL 2873325, at *2. Moreover, Shaw "cannot demonstrate that the legal resources available to him were inadequate if he made no attempt to avail himself of those resources." Cardenas Zavala, 2015 WL 7871056, at *3; see Bryant v. Hines, No. 5:12-HC-2061-F, 2013 WL 427101, at *5 (E.D.N.C. Feb. 4, 2013) (unpublished). Furthermore, the "actual harm" requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Lewis, 518 U.S. at 353 (footnote omitted). Shaw has failed to show that he has a meritorious claim that has been frustrated or impeded or that he diligently pursued his rights. Indeed, Shaw filed the instant habeas

3

petition and does not explain how he was able to do so after the limitation period had expired but could not do so earlier. Thus, the court overrules this objection.

Alternatively, Shaw failed to object to Judge Numbers's alternative conclusion that his petition should be dismissed because he failed to exhaust state remedies. See M&R 3–6. The court finds that Judge Numbers's conclusion is supported by the record. Accordingly, the court adopts the alternative conclusion in the M&R and overrules Shaw's objection.

In sum, the court ADOPTS the conclusions in the M&R [D.E. 11] and DISMISSES Shaw's section 2254 petition. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case.

SO ORDERED. This **20** day of September 2016.

JAMES C. DEVER III
Chief United States District Judge